UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MALIBU MEDIA, LLC,

      Plaintiff,

 -against-

JOHN DOE subscriber assigned IP
address 66.65.42.47,

      Defendant.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE



**MEMORANDUM AND ORDER**

18 CV 3228 (ALC) (KNF)

  Plaintiff Malibu Media, LLC ("Malibu"), which operates an adult film website, X-art.com, brings this copyright infringement action as the owner of copyrights in original works, pursuant to 28 U.S.C. § 1338. Defendant John Doe is an alleged infringer whose Internet Protocol ("IP") address has been associated with infringement on a large scale of Malibu's copyrighted works. According to the plaintiff, it is suing the defendant for using the Internet, specifically, the BitTorrent file distribution network, to commit direct copyright infringement. Defendant's IP address was assigned to the defendant by his or her Internet Service Provider ("ISP"), Time Warner Cable. The plaintiff contends that "ISPs maintain internal logs, which record the date, time and customer identity for each IP address assignment made by that ISP." As a result, "the ISP can use the relevant IP address to identify the [d]efendant."

  Before the Court is the plaintiff's application for permission to file a motion seeking leave to serve limited, immediate discovery on the defendant's ISP, that is, Time Warner Cable, so that the plaintiff may learn the defendant's true identity. By obtaining the defendant's name

1

and address, the plaintiff asserts, it will be able to identify him or her and thereby prosecute its copyright infringement claim. Accordingly, the plaintiff seeks permission to file a motion pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, for leave to serve a third-party subpoena prior to a Rule 26(f) conference in order to learn the defendant's identity. The plaintiff also requests an adjournment of any scheduled Federal Rule of Civil Procedure 16 conference and that the Court not schedule any Rule 16 conference until the defendant is named and served.

## *Legal Standard*

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a flexible standard of reasonableness and good cause." Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, No. 16-CV-2462, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) (citation omitted). See also Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 241-42 (S.D.N.Y. 2012) (finding that good cause existed for expedited discovery to ascertain the defendants' identities and issuing a protective order that would make the information obtained confidential).

In evaluating subpoenas seeking identifying information from ISPs regarding subscribers who are parties to copyright infringement litigation, courts have examined the following factors:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

2

need for the subpoenaed information to advance the claim, . . . and (5) the
[objecting] party's expectation of privacy.

Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (quoting Sony Music
Entm't, Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).

*Application of Legal Standard*

In this case, the plaintiff has made a preliminary showing that good cause exists for the Court to grant it permission to file a motion for leave to serve a third-party subpoena on Time Warner Cable, the ISP, for the purpose of determining the identity of the alleged infringer, John Doe. Specifically, the plaintiff has: (1) alleged ownership of a valid copyright in the relevant works and the unlawful downloading, copying and distribution of the works and has specified the type of technology used and the IP address from which the file was accessed; (2) indicated that its request for information through a subpoena will be narrowly tailored and specific; (3) shown that no alternative means to obtain the information it seeks exists, insofar as the only information it has regarding the defendant is his IP address; and (4) alleged that the information it seeks through a subpoena is necessary to advance its claim. In addition, the plaintiff has shown that, without learning the address of the defendant, the plaintiff will not be able to pursue the instant copyright infringement action. Furthermore, it appears that any expectation of privacy on the part of the defendant is outweighed by his alleged activity: downloading and distributing copyrighted material without permission. See Sony Music Entm't Inc., 326 F. Supp. 2d at 566, holding that "defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission."

*Conclusion*

For the reasons set forth above, the plaintiff's request for permission to file a motion

3

seeking leave to serve limited, immediate discovery on the defendant's ISP, that is, Time Warner Cable, Docket Entry No. 6, is granted.

Dated: New York, New York
      July 11, 2018

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE