UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MALIBU MEDIA LLC,

                         Plaintiff,

         -against-

JOHN DOE subscriber assigned IP
address 66.65.42.47,

                        Defendant.
------------------------------------------------------------X



**MEMORANDUM AND ORDER**

18-CV-3228 (ALC)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Pursuant to Federal Rule of Civil Procedure 26(d)(1), Malibu Media, LLC ("Malibu") moves for leave to serve a third-party subpoena on defendant John Doe's Internet Service Provider ("ISP"), Time Warner Cable, to ascertain John Doe's identity.[1]

      Courts apply "a flexible standard of reasonableness and good cause" when considering whether to grant a motion for expedited discovery prior to a Federal Rule of Civil Procedure 26(f) conference. Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, No. 16-CV-2462, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) (internal quotation marks and citation omitted). Here, the Court finds that the plaintiff has met the reasonableness and good cause standard for early discovery, even under the heightened scrutiny required of an *ex parte* submission. Malibu seeks only the name and address of the subscriber associated with the defendant's IP address, which is a limited and highly specific set of facts. Additionally, since

---

[1] See Malibu Media, LLC v. John Doe subscriber assigned IP address 66.65.42.47, No. 18 CV 3228 (ALC) (KNF), Docket Entry No. 8 (order granting the plaintiff's request for permission to file the instant motion).

1

there are no alternative means by which the plaintiff can learn the identity of the defendant, the information the plaintiff seeks through a subpoena is necessary: without this discovery, Malibu will be unable to pursue the instant copyright infringement action. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). Therefore, the plaintiff's motion for leave to serve a third-party subpoena, prior to a Fed. R. Civ. P. 26(f) conference, is granted.

IT IS FURTHER ORDERED that

(1) Malibu may immediately serve a Fed. R. Civ. P. 45 subpoena on the ISP, Time Warner Cable, of the John Doe subscriber identified by the IP address 66.65.42.47, to obtain information from which to identify the defendant, specifically his or her name, current and permanent address. Malibu is not permitted to subpoena the ISP for the defendant's email addresses or telephone number(s). The plaintiff shall attach a copy of this order to the subpoena.

(2) The ISP will have 45 days from the date of service of the subpoena and this Order to file any motion(s) with this court challenging the subpoena (including a motion to quash or modify the subpoena) as well as any request to litigate the subpoena anonymously. The ISP may not turn over the identifying information of John Doe to Malibu before the expiration of this 45-day period. Additionally, if the defendant or the ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Malibu until that motion(s) has been resolved and the Court issues an order instructing the ISP to do so;

(3) the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any motion to quash that is filed timely;

(4) an ISP that receives a subpoena pursuant to this Order shall confer with Malibu and shall not assess any charge in advance of providing information requested in the subpoena; if the

ISP elects to charge for the production cost, it shall provide a billing summary and cost report to Malibu; and

(5) any information disclosed to Malibu in response to the subpoena may be used only for the purpose of protecting Malibu's rights as set forth in its complaint.

The Clerk of Court is directed to close the motion at Docket Entry No. 9.

Dated: New York, New York
September 20, 2018

SO ORDERED:

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE